**Commonwealth v. Confluence Borough**

*William M. Gross, Carl L. Mease* and *Donald M. Stock*, for Commonwealth.

*Liko, Cascio & Boose*, for defendant.

SOHN, P. J., April 6, 1964.—We have before us an action in mandamus brought by the Commonwealth of Pennsylvania against the Borough of Confluence to enforce an order issued by the Sanitary Water Board directing the borough to construct a sewage treatment works. The suit, on relation of the attorney general, has been issued against the borough and borough officials in their elective and appointed capacities.

The complaint was filed on August 12, 1963, and defendants filed a preliminary objection thereto in the nature of a demurrer.

The hearing before the Sanitary Water Board was held on March 23, 1961, to determine whether the Borough of Confluence, Somerset County, Pa., should be required to discontinue its discharge of untreated sewage into the Casselman River. On May 11, 1961, the board handed down its adjudication in which it ordered the borough to discontinue its discharge of untreated sewage within two years and to take immediate steps for the construction of such sewage treatment works as may be necessary for the treatment of its sewage. This order was not appealed from.

From the date of such order and to the present, the borough has failed to take steps for the construction of sewage treatment works in compliance with the order of the Sanitary Water Board. This court has, therefore, been requested to order the borough and its officials to take steps for the construction of such sewage treatment works as may be necessary under the circumstances.

The preliminary objection filed as above described says that, "The complaint fails to show that the Plaintiff or any agency of the Commonwealth of Pennsyl-

vania has requested the Defendants to issue non-debt revenue bonds and provide for the payment of the interest and principal of such bonds from funds to be raised by imposing a sewer rental or charge, as required by the Act of Assembly of the Commonwealth of Pennsylvania, 1937, June 22, P. L. 1987, Article II, Section 210 (35 PS 691.210), as a prerequisite to an action of mandamus." Defendants, therefore, have requested this court to dismiss the complaint at the costs of plaintiff.

The question which has been raised in this case is whether it is necessary for plaintiff to make a request of the borough to issue nondebt revenue bonds before an action of mandamus can be maintained against defendants.

Section 210 of the Act of June 22, 1937, P. L. 1987, 35 PS §691.210, sometimes known as the "Clean Streams Law," provides as follows:

"Any municipality upon whom an order of the board is served to abate its discharge of untreated or inadequately treated sewage, shall, unless said order to abate said discharge be reversed on appeal, take steps for the acquisition or construction of a sewer or sewerage system or sewage treatment works, or both, or for the repair, alteration, extension or completion of an existing sewer, sewerage system or sewage treatment works, or both, as may be necessary for the treatment of its sewage, in compliance with the order of the board. The cost of the acquisition, construction, repair, alteration, completion or extension of the sewer, sewerage system or sewage treatment works, as may be necessary to comply with said order, shall be paid out of funds on hand available for such purpose, or out of the general funds of such municipality not otherwise appropriated. If there be no sufficient funds on hand or unappropriated, then the necessary funds shall be raised by the issuance of bonds, such bond issue to be subject only to

the approval of the Department of Internal Affairs. If the estimated cost of the steps necessary to be taken by such municipality to comply with such order is such that the bond issue, necessary to finance such project, would not raise the total outstanding bonded indebtedness of such municipality in excess of the constitutional limit imposed upon such indebtedness by the Constitution of this Commonwealth, then, and in that event, the necessary bonds may be issued as a direct obligation of such bonds, if the electors of the municipality shall vote in favor of the increase in indebtedness where the consent of the electors is required. If the amount of such bonds necessary to be issued would raise the total outstanding bonded indebtedness of such municipality above such constitutional limitation on such indebtedness, or if the consent of the electors cannot be secured, or if such municipality by its corporate authorities shall determine against the issuance of direct obligation bonds, then such municipality shall be requested to issue non-debt revenue bonds and provide for the payment of the interest and principal of such bonds from funds to be raised by imposing a sewer rental or charge, . . .

"The Attorney General, at the instance of the board, may enforce this provision of the act by action of mandamus. . . ."

After reading section 210 of the act immediately above cited, it appears that the funds to be obtained for the construction of the sewage disposal plant may be raised from the following sources:

1. Funds on hand available for such purpose or general funds of such borough not otherwise appropriated.

2. If not sufficient funds under no. 1, then by the issuance of bonds subject only to the approval of the Department of Internal Affairs if the bond issue would not raise the borough indebtedness beyond the constitutional limit imposed.

3. If not possible under no. 2, such bonds may be issued as an obligation of the borough if the electors vote to increase the indebtedness where such consent is required.

4. If the consent of the electors cannot be secured or if the borough decides against the issuance of direct obligation bonds, then it shall be requested to issue nondebt revenue bonds and provide for payment by imposing a sewer rental or charge.

We have examined the complaint filed in this case and are of the opinion that it sufficiently states a cause of action. The demurrer filed to that complaint introduces into the case something new, that is, that the Sanitary Water Board should have made a request that nondebt revenue bonds be issued by the borough. That is the crux of the case. 2 Anderson Pa. Civ. Pract. 512, §1017.51, takes up the question of speaking demurrers. There it is pointed out that a demurrer cannot aver any facts not already apparent on the face of the record, nor raise any question of fact or defense on the merits. The cases which support this doctrine are so numerous that we will only quote a very few of them, to wit: Alwine v. Erb, 11 D. & C. 2d 279 (1956) ; Kleinwaks v. Shiner, (No. 1), 10 D. & C. 2d 301 (1956), citing 2 Anderson Pa. Civ. Pract. 333 (1950 Edition).

It is true that section 210 of the Act of June 22, 1937, P. L. 1987, 35 PS §691.210, otherwise known as the "Clean Streams Law," provides that if the first three ways to raise money to carry out a sewage disposal project are not available, *then* it is not exactly clear from whom the request shall emanate, but no doubt it could be well argued that it must come from the Sanitary Water Board.

Defendants have cited the case of Commonwealth ex rel. Woodside v. Bridgeport Boro, 378 Pa. 406 (1954), for the proposition that such a request is a condition precedent to an action in mandamus. That case is very

similar to the one at bar, except in that case the attorney for the Sanitary Water Board at the time of argument made the statement that no request had been made of the borough with respect to nondebt revenue bonds.

The Bridgeport case does not hold that such a request is a condition precedent to the action in mandamus or that failure to make such a request is a defense to such action. At most, the case stands for the proposition that a borough cannot be punished for contempt where the facts establish that the borough has made every effort to finance such operation in one of the first three ways provided in section 210 and has not yet been requested to proceed with the fourth method; namely, the issuance of nondebt revenue bonds.

At the time the Act of 1937 was drafted, which was presumably some time before it was enacted into law on June 22, 1937, municipalities did not appear to have the inherent power to issue nondebt revenue bonds, so that this provision was meant to give them the authority which they otherwise did not possess. In this respect, a request served the purpose of giving them the authority they needed to issue such bonds, at least with respect to financing sewage treatment works.

This request now appears superfluous since boroughs, third class cities, first and second class townships and other municipalities were given this authority in 1937 and thereafter. Specifically, boroughs were given this authority by the Act of May 7, 1937, P. L. 582, 53 PS §47180.

It is quite conceivable that the legislature was not actually aware of this provision which was law when the "Clean Streams Law" was enacted since they were both enacted in the same session of the legislature.

Such provision appears to serve no useful purpose since it merely requires plaintiff to ask the borough to do something which it already has the power to do. The

borough has the duty to construct a sewage treatment works and it necessarily has the further duty to arrange financing by a method permitted by law.

The failure of plaintiff to make the request raised by the demurrer is not subject to preliminary objection but should be raised in an answer to the complaint. Rule 1030 of the Pennsylvania Rules of Civil Procedure requires all affirmative defenses to be pleaded in a responsive pleading under the heading "New Matter."

Since such request, under the facts of record in this case, is not an essential ingredient of the cause of action and, therefore, not a condition precedent to an action in mandamus, such defense should be pleaded in an answer to the complaint in which the pertinent facts are set forth showing that the borough complied in all respects with the requirements of section 210 of the Act of 1937.

Since the record does not indicate whether the necessary steps were taken and since plaintiff has no knowledge of such steps being taken, it does not have to make a request or allege in its complaint that it was made. For this reason the preliminary objection is without any basis in law or fact since as stated by the court in Bonanni v. Weston Hauling, Inc., 392 Pa. 248 (1958), at page 250:

". . . in passing on a demurrer a court cannot consider matters collateral to the pleading opposed but only such matters as arise out of the statement of claim or complaint itself . . ."

After carefully considering the pleadings filed, the court now makes the following

### Order

And now, to wit: April 6, 1964, the preliminary objections filed by defendant borough are hereby overruled and discharged. Said borough is allowed 30 days from the date of this order within which to file an

answer and raise such objections to the suit as it may feel are warranted under the law.